IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3:08-0368 Judge Trauger |
| DETROIT DIESEL CORPORATION and PREVOST CAR (US), INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Pending before the court is a Motion to Dismiss for Failure to State a Claim filed by defendant Prevost Car (US), Inc. ("Prevost") (Docket No. 20). The motion seeks to dismiss all four claims that the plaintiff, Lincoln General Insurance Company ("Lincoln"), had asserted against Prevost. Since the motion was filed more than a year ago, three of those claims have been dismissed by Lincoln. For the reasons discussed herein, Prevost's motion will be granted as to the fourth and final claim. Therefore, this motion will be granted in part and denied as moot in part, and Prevost will be dismissed as a defendant.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of a bus fire that occurred in Goodlettsville, Tennessee on May 8,

1

2006.[1]  Prior to this date, Lincoln had written and issued a policy of insurance to Senators Rental ("the insured").  The policy provided property insurance to the insured in the event of damage to a 2003 Prevost Le Mirage XL II Motor Coach (the "bus").  The insured had purchased the bus new directly from Prevost, which is a company that sells such buses.  The engine on the bus was manufactured by the other defendant in this matter, Detroit Diesel Corporation.

On May 8, 2006, while traveling southbound on Interstate 65 near the Kentucky/Tennessee border, the bus lost turbo-charger pressure.  This loss of pressure caused the exhaust system to overheat, resulting in a fire that started on the left side of the bus's engine near the exhaust system and the turbo-charger.  The plaintiff alleges that the risks and consequences of pressure loss and fire were not communicated by either defendant to the insured prior to this incident and that the bus and engine were not designed to properly respond in the event of pressure loss or overheating.  The plaintiff alleges that the engine's potential to catch fire resulted in a government recall of the engine that began on April 27, 2006, several days prior to the incident.

As a result of the fire, the insured made a property insurance claim to Lincoln for the costs associated with the fire damage to the bus, and Lincoln paid the insured $405,250 – the entire amount owed to the insured under the policy.  Lincoln brings this action against both defendants as subrogee of the insured's rights.

On March 10, 2008, Lincoln filed this action in Davidson County Circuit Court, and the

---

[1] Unless otherwise noted, the facts are drawn from the Complaint (Docket No. 1 Ex. 1). Some of the facts stated in the Complaint are not discussed herein because they are not relevant for present purposes, given the limited remaining scope of the Motion to Dismiss.

2

defendants removed the case to this court shortly thereafter. Lincoln's Complaint alleged four counts (negligence, strict liability, breach of express warranty, and breach of implied warranty) against each of the two defendants.

On April 30, 2008, Prevost filed the pending motion, seeking to dismiss the four claims that Lincoln asserted against Prevost.[2] (Docket No. 20.) Along with this motion, Prevost filed a copy of the warranty that it had issued to the insured for the bus, supported by an affidavit from Prevost's Regulatory Compliance Manager, authenticating the warranty and stating that this was the only warranty that Prevost had issued in connection with its sale of the bus to the insured. (Docket No. 21 Ex. 1.) In Section 2.7, under "Other Limitations," the warranty reads, in capital letters, "EXCEPT FOR THE WRITTEN WARRANTY STATED ABOVE, THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTY OF PERFORMANCE OR FITNESS FOR A PARTICULAR PURPOSE, WHICH SHALL APPLY TO THE [BUS]. PREVOST HEREBY DISCLAIMS ANY AND ALL SUCH WARRANTIES." (*Id.* at 5.)

On June 27, 2008, this court certified a question related to the tort claims in this matter to the Tennessee Supreme Court. (Docket No. 38.) The Tennessee Supreme Court has addressed that question, and, since that court's response, the plaintiff has dismissed the majority of its claims. That is, the plaintiff has dismissed its negligence and strict liability claims against both defendants, and it has also dismissed its breach of express warranty claim against Prevost.

---

[2]Detroit Diesel filed an answer to the Complaint and took no part in the Motion to Dismiss. (Docket No. 22.)

(Docket Nos. 44-45.) Therefore, the only claims that remain are the plaintiff's breach of express and implied warranty claims against Detroit Diesel, and the breach of implied warranty claim against Prevost. (*Id.*) As Detroit Diesel took no part in the Motion to Dismiss, the only claim that is subject to the pending motion is the breach of implied warranty claim. Further, in briefing, the plaintiff has conceded that the only potentially relevant implied warranty is the "implied warranty of merchantability." (Docket No. 23 at 12-13.)

## ANALYSIS

The plaintiff Lincoln claims that the defendant Prevost breached the implied warranty of merchantability when it sold the bus to the insured in a defective condition. Prevost contends that this claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Prevost excluded the implied warranty of merchantability when it sold the insured the bus with the express warranty discussed above.

### I. Standard of Review

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not

4

whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.[3]

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965).

---

[3] As both parties recognize, the fact that Prevost attached a copy of the warranty (which was not attached to the plaintiff's Complaint) to its Motion to Dismiss does not convert Prevost's motion into a summary judgment motion. (Docket No. 20 Ex. 1 at 5; Docket No. 23 at 6.) Normally, if "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed R. Civ. P. 12(d). However, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. ... This occurs when a document is referred to in the complaint and is central to the plaintiff's claim. ... In such event, the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations and quotations omitted). The Prevost warranty is clearly central to the plaintiff's claims here, and the plaintiff referred to the warranty repeatedly in its Complaint; therefore, this document became part of the pleadings when it was attached to Prevost's motion. (See *e.g.* Docket No. 1 Ex. 1 at 20.)

Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965; *see also Swierkiewicz,* 534 U.S. at 508 n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 2009 WL 1361536 (May 18, 2009), the Court further expounded on the "two working principles" that underlie the *Twombly* decision. *Id.* at 1949. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to

6

dismiss." *Id.* at 1950. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

Further, the Court explained that determining "facial plausibility" is a "context-specific task," in which the reviewing court must "draw on its judicial experience and common sense." *Id.* at 1950. Where, using this background, the court finds that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). The Court noted that, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## II.  Breach of Implied Warranty Claim Against Prevost

As noted above, the plaintiff claims that Prevost breached the implied warranty of merchantability when it sold the insured the defective bus. This issue is governed by Tennessee statute, which, in relevant part, incorporates the Uniform Commercial Code Article Two provisions regarding the sale of goods. T.C.A. § 47-2-101.[4] The Tennessee Code states that,

---

[4] The bus is considered a "good." In relevant part, goods are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities

7

"unless excluded or modified ([by Section] 47-2-316,) a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." T.C.A. § 47-2-314(1). The parties do not appear to dispute that Prevost is a "merchant with respect to goods of that kind."

However, Prevost contends that this implied warranty – the implied warranty of merchantability – has been "excluded or modified" under Section 47-2-316. For present purposes, Section 47-2-316 has two relevant provisions. The first, subsection 2, states: "[s]ubject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'" T.C.A. § 47-2-316(2). Subsection 3 states: "Notwithstanding subsection (2), unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." T.C.A. § 47-2-316(3)(a).

Prevost argues that the implied warranty of merchantability is excluded here because its Section 2.7 disclaimer of implied warranties, though not containing the word(s)

---

(chapter 8 of this title) and things in action." T.C.A. § 47-2-105.

8

"merchantability," "as is" or "with all faults," sufficiently "calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." (Docket No. 20 Ex. 1 at 6-7.) Prevost relies on two cases for this proposition, neither of which are from Tennessee.

In one, a Northern District of Illinois district court, interpreting the identical UCC provision, concluded that a warranty provision stating that the express warranty was "in lieu of all other warranties express or implied" was sufficient to disclaim the implied warranty of merchantability. *Lefebvre Intergraphics, Inc. v. Sanden Machine, Ltd.*, 946 F. Supp. 1358, 1362-63 (N.D. Ill. 1996). The court stated that "Section 2-316 provides two ways in which contracting parties can waive the implied warranty of merchantability: expressly use the term 'merchantability' in the waiver provision, or use language that 'in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty' ... th[e] language [at issue] clearly communicates that all warranties, except the warranty explicitly set forth in the contract, are excluded. The language is not ambiguous or vague. Thus, [it] excludes all implied warranties, including the implied warranty of merchantability." *Id.*

Likewise, in *World Wide Tours*, an Eastern District of New York district court concluded that the identical Prevost warranty provision as is at issue here was sufficient to exclude the implied warranty of merchantability. *World Wide Tours of Greater N.Y., Ltd. v. Parker Hannifin Customer Support, Inc.*, 2008 WL 516676, *3 (E.D.N.Y. Feb. 25, 2008). The court stated that "the Prevost warranty ... expressly and conspicuously excluded implied warranties, prominently stating that, 'EXCEPT FOR THE WRITTEN WARRANTY STATED ABOVE, THERE ARE

9

NO OTHER WARRANTIES, EXPRESSED OR IMPLIED.' ... The exclusion stood out, as it was in all capital letters; a reasonable person would notice the provision when it is juxtaposed against the rest of the agreement. Thus, though the warranty exclusion did not use the word 'merchantability,' it certainly met the requirements of U.C.C. 2-316**(3) by calling the exclusion to the buyer's attention and making plain that there is no implied warranty."** *Id.* **(internal citation and quotation omitted). Prevost argues that this court should reach the identical conclusion as the court in** *World Wide Tours* **and conclude that the Section 2.7 warranty language is sufficient to exclude the implied warranty of merchantability under T.C.A. § 47-2-316(3).**

**In response, the plaintiff contends that it has not "found one case in the history of Tennessee jurisprudence that has deemed language like that in the purported disclaimer at issue to effectively disclaim the implied warranty of merchantability where the transaction is a one-time sale from merchant to consumer and where the product also came with an express warranty against defects in material or workmanship." (Docket No. 23 at 10.) The plaintiff claims that the Tennessee cases it can locate that do uphold disclaimers of the implied warranty of merchantability do so where the disclaimer uses the word(s) "merchantability," "as is," or "with all faults."** *Id.* **(citing** *Perryman v. Peterbilt of Knoxville, Inc.***, 708 S.W.2d 403 (Tenn. Ct. App. 1985);** *Patton v. McHone***, 822 S.W. 2d 608, 616 (Tenn. Ct. App. 1991)). The plaintiff also points to the** *Cooper Paintings* **case, in which a Tennessee Appeals Court, in** *dicta***, noted that a disclaimer that was not applicable for other, controlling reasons also "does not mention merchantability as required by T.C.A. § 47-2-**

10

316(2) nor does it clearly appear the disclaimer was in a conspicuous place on the materials." *Cooper Paintings & Coatings, Inc. v. SCM Corp.*, 457 S.W.2d 864, 867 (Tenn. Ct. App. 1970).

The plaintiff also argues that, by inference, Section 47-2-316(2) imposes a "stricter standard" as to the language that may be used to exclude the implied warranty of merchantability, as opposed to the implied warranty of fitness for a particular purpose. (Docket No. 23 at 11.) As shown above, Section 47-2-316(2) explicitly permits the implied warranty of fitness for a particular purpose to be excluded using the arguably general language "There are no warranties which extend beyond the description on the face hereof." The plaintiff argues that, because there is no provision allowing the implied warranty of merchantability to be excluded with such "loose" language, more than "broad and generic disclaimer language" must be required to exclude the implied warranty of merchantability, and, therefore, Prevost's warranty disclaimer, which makes no specific mention of merchantability or of the potential for faults in design or workmanship, is insufficient. (Docket No. 23 at 11-12.)

The court's independent review of Tennessee law shows, consistent with the case law provided by Prevost, that Prevost's warranty disclaimer was sufficient to exclude the implied warranty of merchantability. As discussed below, Tennessee case law interprets Section 47-2-316 to permit the exclusion of the implied warranty of merchantability if the seller provides a clear and conspicuous notice of the exclusion of warranties, and "magic words" are not required. Indeed, to the plaintiff's point, while no Tennessee case may have

11

considered the precise circumstance and warranty disclaimer language at issue here, where, as here, a seller has clearly indicated that all implied warranties are excluded, Tennessee courts and courts construing Tennessee law have indicated that such disclaimers are sufficient to exclude the implied warranty of merchantability under the plain language of Section 47-2-316(3).

For instance, in the *Patton* case relied upon by the plaintiff, the court noted that a disclaimer that used "as is" or "any similar language" could disclaim the implied warranty of merchantability. *Patton*, 822 S.W. 2d at 617. Also, Tennessee courts recognize that the plain language of Section 47-2-316(3) permits a seller to exclude the implied warranty of merchantability by using "other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." *See Haley v. Am. Honda Motor Co., Inc.*, 1997 WL 674958, *5 (Tenn. Ct. App. Oct. 29, 1997); *Xerox Corp. v. Digital Express Graphic, LLC*, 2008 WL 2278492, *6 (Tenn. Ct. App. May 22, 2008)(finding that the implied warranty of merchantability was excluded in the lease of goods context because, among other things, the lease agreement "expressly states that Xerox was leasing the digital printing equipment without warranty of any kind."). Also, the Sixth Circuit, interpreting Tennessee law, has noted that "clear language indicating" that no implied promises are being made is, under T.C.A. § 47-2-316(3), "the equivalent of the mention of the word 'merchantability.'" *Jacobs v. E.I. du Pont de Numours & Co.*, 67 F.3d 1219, 1247 (6th Cir. 1995).

Consistent with this, Tennessee courts have also emphasized that T.C.A. § 47-2-

316(3) must be construed "strictly" to ensure that sellers are not permitted, *post facto*, to disingenuously claim that they excluded the implied warranty of merchantability. *See Bd. of Directors of the City of Harriman Sch. Dist. v. S.W. Petroleum Corp.*, 757 S.W.2d 669, 675-76 (Tenn. Ct. App. 1988). Therefore, general statements by the seller that make no reference to implied warranties will likely be insufficient to exclude the implied warranty of merchantability. *See Id.* (citing *Hull-Dobbs, Inc. v. Mallicoat*, 415 S.W.2d 344, 346-47 (Tenn. Ct. App. 1966)). In *Hull-Dobbs*, the court found that the disclaimer that the product was "accepted [by the buyer] in its present condition" was insufficient to exclude the implied warranty of merchantability because such language did not "call the buyer's attention to the exclusion of ... warranties." 415 S.W.2d at 346-47.

In addition to being clear – no matter the precise language used – the exclusion must be "conspicuous." *S.W. Petroleum Corp.*, 757 S.W.2d at 675-676. In a brief argument, the plaintiff implies that the disclaimer here is not conspicuous because "the operative paragraph in the warranty does not even have the word 'disclaimer' in its heading. It is titled with the simple catch-all of 'other limitations' ... ." (Docket No. 23 at 10.) In this context, the Tennessee Code defines a "conspicuous" term as "a term [] so written ... that a reasonable person against whom it is to operate ought to have noticed it." T.C.A. § 47-1-201(10). Words "hidden in fine print" are generally not "conspicuous," but, logically, a disclaimer that is "stated in capital letters" and is, therefore, readily apparent to the reader, is conspicuous. *Hardimon v. Cullum & Maxey Camping Centers*, 591 S.W.2d 771, 776 (Tenn. Ct. App. 1980); *Xerox*, 2008 WL 2278492 at *6.

13

**The warranty disclaimer at issue here is clear and conspicuous. Again, the language reads "EXCEPT FOR THE WRITTEN WARRANTY STATED ABOVE, THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED. ... PREVOST HEREBY DISCLAIMS ANY AND ALL SUCH WARRANTIES." (Docket No. 21 Ex. 1 at 5.) While the disclaimer does not specifically mention the implied warranty of merchantability, it is abundantly clear that the disclaimer repudiates every implied warranty, without exception. This is, for instance, a sharp contrast to the disclaimer in *Hull-Dobbs*, which did not mention implied warranties at all.**

**Also, the warranty is certainly conspicuous. In the nine-page warranty, Section 2.7 is the only section that is written in all capital letters. (Docket No. 21 Ex. 1.) A "reasonable person against whom it is to operate ought to have noticed" this section and, therefore, the warranty language is conspicuous.[5] T.C.A. § 47-1-201(10); *Xerox*, 2008 WL 2278492 at \*6.**

**As the language and formatting of the disclaimer here is sufficient to exclude the implied warranty of merchantability, the court concludes that there was no implied warranty of merchantability as to the bus in this case. Therefore, the plaintiff's claim under the implied warranty of merchantability will be dismissed.**

## CONCLUSION

---

[5]In another argument, the plaintiff notes that the express warranty states that it covers "defects in material and workmanship," as if that statement indicates that there is an implied warranty of merchantability. (Docket No. 23 at 9.) Again, the disclaimer could not be more clear – there are no implied warranties, and, a reasonable customer, taking the warranty as a whole, would read the document for exactly what it says – that defects in material and workmanship are expressly covered and implied warranties, without exception, are not.

14

For the reasons discussion herein, Prevost's Motion to Dismiss will be granted as to Count VIII (the Implied Warranty of Merchantability claim), and denied as moot as to the remaining counts, which have been dismissed by the plaintiff subsequent to the filing of the motion. As there are no remaining claims against Prevost, it will be dismissed as a defendant in this matter.

An appropriate order will enter.

_____
**ALETA A. TRAUGER**
**United States District Judge**